IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| vs. | 8:25CR20 |
| SHERMAN R WADE, | |
| Defendant. | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through Matt E. Lierman, Assistant United States Attorney, respectfully submits this memorandum in aid of sentencing defendant Sherman R. Wade (WADE).

On November 6, 2025, WADE pleaded guilty to both counts of the superseding indictment, specifically to one count of bank robbery, in violation of 18 U.S.C. § 2112 (a), (d), (e), and 2, and one count of use of a firearm during and in relation to a crime of violence, second offense, in violation of 18 U.S.C. § 924(c)(1)(C) and 924(c)(1)(C)(i).

As calculated by the United States Probation Office, the defendant's applicable Total Offense Level is 23, Criminal History Category III, resulting in a minimum term of imprisonment of 35 years (420 months) to life as a result of charged statutory minimum mandatory sentencing requirements.  Presentence Investigation Report (PSR) ¶¶ 105-107.

There are facts and circumstances attendant to defendant's charged conduct, anticipated future behavior, criminal history and characteristics that warrant this Court's attention.

1

**I.      Nature of the Offenses: Bank Robbery and Use of a Firearm During and in Relation to a Crime of Violence**

The offenses here are serious.  At the time of the instant offense, WADE was under a criminal justice sentence for the same offenses – bank robbery and brandishing a firearm in furtherance of a crime of violence. *See* Docket No. 8:04CR00462. WADE has a long criminal history including two separate convictions for possessing burglar's tools in 2001 (PSR ¶ 60), bank robbery in 2004 (8:04CR462) (PSR ¶ 62), escape in 2001 and 2004 (PSR ¶¶ 59, 61), bank fraud (PSR ¶ 58), possession of an unregistered firearm (PSR ¶ 56), burglary in 1999 (PSR ¶ 55), 1996, (PSR ¶ 53), and an arrest for robbery in 2024 that was dismissed pursuant to the current plea agreement (PSR ¶ 72).  These multiple convictions and arrests for violent crimes show a resistance by WADE to any form of rehabilitation and a history of recidivism.

In the instant case, during the early morning hours of July 3, 2024, WADE and NANCE walked to the parking lot of the U.S. Bank branch at 8905 Maple Street. Once there, WADE and NANCE concealed themselves from view for several hours, waiting for a bank employee to arrive. Around 8:45 AM on July 3, 2024, Victim 1, a female employee of U.S. Bank, arrived by car to the parking lot of the bank branch. As Victim 1 approached the employee entrance at the back of the bank building, NANCE and WADE came across the parking lot and confronted Victim 1. NANCE pointed a silver handgun at Victim 1 and he and WADE forced Victim 1 to go inside the bank. NANCE and WADE then walked Victim 1 to the teller area. NANCE and WADE told Victim 1 to open the bank vault, but Victim 1 said she could not do so on her own as it takes two employee codes to open the vault.

2

In the course of this robbery WADE and his codefendant NANCE made Victim 1 stand with her hands in the air until a male bank employee, Victim 2, arrived; put Victim 2 on the ground and zip tied his hands behind his back; put Victim 1 on the ground and zip tied her hands behind her back like they had Victim 2's hands; used a handgun to control the victim employees; forced Victim 3 to open the bank vault using his own code and Victim 1's employee code; forced Victim 3 to enter the vault with them as the robbers started filling a large duffle bag with cash; locked Victim 3 inside the vault; took car keys from Victims 1 and 2 and fled the bank. The robbers then attempted to steal Victim 1's car but were unsuccessful so they shifted course and stole Victim 3's red Acura MDX.

WADE and NANCE made their getaway and used the apartment of an associate to split up the stolen cash between the two of them, a reported loss of $192,531.00 from victim, U.S. Bank. During the robbery, WADE and NANCE put in jeopardy the lives of the victim employees by using dangerous weapons, namely handguns, to intimidate and force the victim employees to comply, pointing the guns at the victim employees. WADE and NANCE also forced employees to accompany them without the employees' consent during the robbery, including forcing Victim 1 to walk from outside the bank into the bank building and to the teller area, and forcing Victim 3 to the teller area and then inside the vault.

WADE and NANCE put in jeopardy the lives of ordinary people who had arrived at WORK to earn a living for themselves and their families. As a result of WADE and NANCE's behavior, these innocent victims were traumatized, abused, and left with emotional scars that remain to this day. They did not deserve what happened to them.

3

WADE's conduct in this case is egregious. It exposes a complete disregard for the law and exposes WADE as a repeat, habitual offender with an escalating level of violence.

## II.      Restitution

As noted in the PSR, the monies taken from the victim in this case, U.S. Bank, totals $192,531.00. (RPSR ¶¶ 33, 118). Recovered from WADE's residence was $82,797 in proceeds from the bank robbery. (RPSR ¶ 33). This money is held in custody by the lead investigative agency and will be returned to the victim resulting in a remaining restitution balance of $109,734.00 due and payable to U.S. Bank by WADE and NANCE. The government anticipates requesting an order from this Court to turn over the recovered cash to the Clerk of the U.S. District Court to be sent to the victim, U.S. Bank, following the conclusion of the criminal prosecution of WADE and NANCE.

## III.     Factors Opposing Downward Variance or Departure

Departure is appropriate only if the case presents an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (2000); *United States v. Sample*, 213 F.3d 1029, 1032 (8th Cir.2000).  No such basis exists here.

## IV.     Conclusion

Due to the seriousness of the offenses, the need to promote respect for the law and provide just punishment, to deter WADE's future criminal conduct, protect the public from the WADE, and provide him with the needed education, vocational and correctional treatment, the government requests a sentence in accordance with the sentencing recommendation prepared by the United State Probation and Pretrial Services Office on February 9, 2026.

UNITED STATES OF AMERICA

Plaintiff

LESLEY A. WOODS
United States Attorney


s/Matt E. Lierman

By:  MATT E. LIERMAN #22191
Assistant U.S. Attorney
1620 Dodge Street, #1400
Omaha, Nebraska 68102-1506
Tel:  (402) 661-3700
Fax:  (402) 345-5724
matt.lierman@usdoj.gov


CERTIFICATE OF SERVICE

        I hereby certify that on May 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record and also hereby certify that a copy of the same has been served by e-mail to the following non-CM/ECF participant:


        Karen Bucksbee
        U.S. Probation and Pretrial Services Officer Omaha, NE
        Karen_Bucksbee@nep.uscourts.gov


                                s/Matt E. Lierman
                                MATT E. LIERMAN
                                Assistant United States Attorney


5